UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BUD LEE and CINDY LUNDMAN, as ]
next friend and as natural parents of ]
PATRICK LEE, deceased, ]
    Plaintiffs, ]
     ]
v. ]   No. 3:06-0108
     ]   Judge Trauger
METROPOLITAN GOVERNMENT ]
OF NASHVILLE/DAVIDSON COUNTY, ]
TENNESSEE, ET AL. ]
    Defendants. ]

M E M O R A N D U M

On September 22, 2005, Patrick Lee was asked to leave a concert he was attending in downtown Nashville. Shortly after leaving, he was confronted by Metro police officers. These officers subdued Lee by spraying him with pepper spray, stunning him with taser guns, and hitting him with batons. Lee began to experience trouble breathing and became unresponsive. He was taken to the hospital where he died two days later.

The plaintiffs, parents of the deceased, have filed an amended complaint (Docket Entry No. 53). In the amended complaint, they assert eleven claims for relief. These claims include :

    Count I    The defendant, Taser International, Inc., was negligent
                in the design, manufacture, testing, inspection and
                distribution of the taser stun gun;

    Count II   The defendant, Taser International, Inc., is liable for
                numerous misrepresentations relating to the "character,

1

|  |  |
|---|---|
|  | quality and safety" of the taser stun gun;[1] |
| Count III | The defendant, Taser International, Inc., breached an implied warranty as to the safety of the taser stun gun; |
| Count IV | The defendant, Taser International, Inc., breached an express warranty as to the safety of the taser stun gun; |
| Count V | The defendant, Taser International, Inc., is strictly liable for the negligent "warning, design, testing, inspection, installation, assembly, construction, manufacture, distribution, labeling, sales, promotion, maintenance, service and/or repair" of the taser stun gun; |
| Count VI | The Metropolitan Government of Nashville and Davidson County (Metro), Ronal Serpas, Chief of the Metro Police Department, and all defendant police officers are liable to the plaintiffs pursuant to 42 U.S.C. § 1983 for the excessive use of force, abuse of process and negligence; |
| Count VII | Metro Government and Ronal Serpas, pursuant to 42 U.S.C. § 1983, failed to adequately investigate and punish excessive uses of force by police officers, leading to a "pattern and practice of improper beatings and abuses of civilian persons." It is further alleged that these defendants were "reckless, negligent, and deliberately indifferent" in the training of Metro police officers; |
| Count VIII | The Metro Government, Ronal Serpas and all defendant police officers deprived the deceased of due process and equal protection in violation of 42 U.S.C. § 1983 when they failed to follow established practices and procedures with respect to the handling of Patrick Lee; |
| Count IX | The defendant police officers were negligent in their handling of Patrick Lee, and said negligence led to his death; |

---

[1] By an order (Docket Entry No. 77) entered January 4, 2007, the court granted a joint stipulation for dismissal of Count II. *See also* Docket Entry No. 38.

> Count X    The defendant police officers, along with Metro Government and Ronal Serpas, are liable to the plaintiffs for the common law tort of battery; and
>
> Count XI   Pursuant to the Governmental Tort Liability Act (GTLA), Tenn. Code Ann. § 29-20-101, et seq., the doctrine of respondeat superior and other agency relationships, the Metro Government is liable for the negligent acts of its employees.[2]

Some of the defendant police officers, i.e., Jonathan Mays, Justin Pinkelton, John Wright, Ryan Scott and Wayne Fisher, have filed a Motion for Partial Judgment on the Pleadings (Docket Entry No. 79). The plaintiffs have submitted a Response (Docket Entry No. 84) to the defendants' Motion. For the reasons stated below, the court finds some merit in the defendants' Motion for Partial Judgment on the Pleadings. Therefore, said Motion will be granted in part and denied in part.

## Standard of Review

Rule 12(c) of the Federal Rules of Civil Procedure permit a party to obtain a judgment on the pleadings. When considering a motion for such a judgment, the court must construe the complaint in a light most favorable to the plaintiffs and decide whether the plaintiffs can prove any set of facts in support of the claim that would entitle them to relief. Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998). In short, a Rule 12(c) motion will be granted when no material issue of fact exists and the moving party is entitled to judgment as a matter of law. Paskvan v. City of Cleveland Civil Service Com'n, 946 F.2d 1233, 1235 (6th Cir. 1991).

---

[2] Counts I - V have been set forth under the heading "Causes of Action Against the Defendant, Taser International, Inc." Docket Entry No. 53 at pg. 7. The remaining Counts were placed under the heading "Causes of Action Against the Metropolitan Government of Nashville/Davidson County, Tennessee and Chief of Police, Ronal Serpas, Individually and in his Official Capacity and All Defendant Police Officers." Id. at pg. 14.

## Counts I - V of the Amended Complaint

The defendants here contend that they are not subject to liability under Counts I - V because these claims are expressly applicable only to the defendant, Taser International, Inc. The plaintiffs do not dispute this interpretation of Counts I - V. Docket Entry No. 84 at pg. 2. Therefore, to the extent that Counts I - V might be construed as claims against the moving defendants, these claims shall be dismissed.

## Count VI

By the language of this claim, the plaintiffs allege § 1983 liability upon the moving defendants for excessive use of force, abuse of process and negligence. Docket Entry No. 53 at pg. 14. The defendants move for a partial dismissal of the claim asserting that process was neither sought nor issued and that negligence is not actionable within the context of a § 1983 cause of action.

In their Response, the plaintiffs acknowledge that Count VI "merely sets forth a cause of action for excessive force as set out in 42 U.S.C. § 1983." Docket Entry No. 84 at pg. 2. The plaintiffs never intended Count VI to convey separate causes of action for abuse of process and negligence. Therefore, to the extent that Count VI may be construed as asserting claims of negligence and abuse of process, the defendants' Motion to dismiss will be granted.

## Count VII

The moving defendants argue that they are not subject to liability under Count VII because this claim is expressly applicable only to the defendants, Metro Government and Ronal Serpas. The plaintiffs agree with this interpretation of Count VII. Docket Entry No. 84 at pg. 2. Accordingly, Count VII will be dismissed as to these defendants.

## Counts IX - XI

In these Counts, it is alleged that the defendant police officers are liable for negligence (Count IX) and battery (Count X), and that the Metro Government is liable for the negligent acts of its employees (Count XI).

Under the Governmental Tort Liability Act, no claim may be brought against these defendants "for which the immunity of the governmental entity is removed .....". Tenn. Code Ann. § 29-20-310(b).[3] A governmental entity such as the Metro Government does not have sovereign immunity from liability for the alleged negligence of its employees, if it can be shown that the injury was proximately caused by the negligent act of a governmental employee and that the employee was acting at the time within the scope of his employment. Tenn. Code Ann. § 29-20-205.[4] The removal of sovereign immunity has been held to include claims of common law battery. Chalmers v. Clemons, 359 F.Supp.2d 700, 703 (W.D. Tenn. 2005).

In this instance, the pleadings standing alone do not preclude a finding that the moving defendants could be liable for common law negligence and battery despite the potential immunity awaiting them under GTLA. The plaintiffs correctly note that dismissal of these claims at this time, without further discovery, would be premature. Docket Entry No. 84 at pg. 4. Therefore, defendants' Motion as it relates to Counts IX - XI should be denied.

---

[3] The sole exception to this proposition is for claims of medical malpractice brought against a health care practitioner.

[4] The statute provides nine exceptions to the removal of immunity. None of those exceptions are applicable to this action. One of the exceptions relates to claims involving civil rights violations. But while the plaintiffs have asserted independent civil rights violations in this case, a claim of common negligence does not fall within the scope of that exception. McKenna v. City of Memphis, 544 F.Supp. 415 (W.D. Tenn. 1982), aff'd, 785 F.2d 560 (6th Cir. 1986).

5

## Conclusion

The court finds that the defendants' Motion for Partial Judgment on the Pleadings has some merit. Accordingly, the Motion will be granted in part and denied in part.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

6