IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BUD LEE and CINDY LUNDMAN, as next friend and as natural parents of Patrick Lee, deceased <br><br> v. <br><br> METROPOLITAN GOVERNMENT OF NASHVILLE/DAVIDSON COUNTY, TENNESSEE; RONAL SERPAS, individually and in his official capacity POLICE OFFICER JONATHAN MAYS; POLICE OFFICER JAMIE SCRUGGS; POLICE OFFICER CHRISTOPHER BROOKS; POLICE OFFICER JASON CREGAN; POLICE OFFICER PAUL SMITH; SERGEANT JUSTIN PINKELTON; POLICE OFFICER SHARRAFF MALLERY; POLICE OFFICER JOHN WRIGHT; POLICE OFFICER RYAN SCOTT; POLICE OFFICER WAYNE FISHER, individually and in their official capacities; and TASER INTERNATIONAL, INC. | No. 3-06-0108 |

O R D E R

Pending before the Court is the motion of defendant Wayne Fisher to compel responses to interrogatories (Docket Entry No. 127). The motion is substantially GRANTED, as provided herein.

Defendant Fisher propounded three interrogatories, each with six identical subparts. The first interrogatory with six subparts related to defendant Fisher. The second interrogatory with six subparts related to defendant Ryan Scott. The third interrogatory with six subparts related to defendant John Wright. The subparts of the interrogatories are as follows:

In Interrogatories Nos. 1(a), 2(a), and 3(a), defendant requests a description:

> . . . in detail [of] all acts or omissions by [defendants Fisher, Scott and Wright] that [the plaintiffs] say amounted to violations of Patrick Lee's constitutional rights, and "identify" every person who has knowledge of the information requested.

The use of the word "identify" apparently is an attempt to refer to the introductory portion of the interrogatories in which the defendant seeks the full name, street address, and telephone number of each person "identified." In his reply, the defendant quotes the relevant introductory portion of the interrogatories. See Docket Entry No. 138, at 1 n.1.

The plaintiffs responded to all three interrogatories as follows:

> Based upon preliminary discovery, the Defendant . . . participated in the arrest of Patrick Lee. The cumulative effect of the actions of all officers constitute [sic] excessive force . . . . [The defendant's] failure to get the decedent into custody and handcuffed in conjunction with other officers in a timely manner also led to the continued use of excessive force against the decedent. This Defendant also failed to intervene to protect the decedent from the use of excessive force by the other police officers and to protect his constitutionally guaranteed rights. This Defendant also participated in restraining Mr. Lee in an inappropriate manner while and after handcuffs were being applied.

The plaintiffs also responded to all three interrogatories by providing names of five witnesses, "[i]n addition to those individuals already deposed and identified by the Plaintiff."

The plaintiffs' responses specific to the individual defendants were (1) that defendant Fisher sprayed Mr. Lee with chemical spray; and (2) that defendant Wright sprayed Mr. Lee with chemical spray and hit him with a baton. In all other respects, the responses are identical.

Defendant Fisher argues that he is entitled to the facts upon which the plaintiffs base their claims against him individually, rather than references to the "cumulative" effects of the actions of all of the officers on the scene. Specifically, the defendant seeks facts underlying the contention that defendant Fisher pepper sprayed Mr. Lee and that defendant Wright pepper sprayed and struck Mr. Lee with a baton in violation of his constitutional rights

Defendant Fisher also seeks the facts to support the plaintiffs' claims that the defendants failed to get Mr. Lee into custody and handcuffed in a timely manner, the definition of a "timely manner," the definition of "inappropriate manner" in which Mr. Lee was restrained, what the defendants did inappropriately while the handcuffs were being applied or after the handcuffs were applied, the facts supporting their claim that defendants Fisher, Scott, and Wright failed to intervene to protect Mr. Lee's constitutional rights, the identification of the unconstitutional acts referred to,

2

when defendants Fisher, Scott, and Wright should they have intervened, and how the failure to intervene proximately resulted in loss or damage to the plaintiffs or their decedent. Simply put, the defendant wants to know what these defendants did wrong or failed to do that makes them liable to the plaintiffs. In addition, the defendant seeks the names and addresses of witnesses identified with information.

In Interrogatories Nos. 1(b), 2(b), and 3(b), the defendant seeks a description:

. . . in detail [of] every act or omission by [defendants Fisher, Scott, and Wright] that [the plaintiffs] say amounted to the use of excessive force against Patrick Lee, and "identify" every person who has knowledge of the information requested.

In response, the plaintiffs referred to their response to Interrogatory Nos. 1(a), 2(a), and 3(a).

In Interrogatories Nos. 1(c), 2(c), and 3(c), the defendant seeks a description:

. . . in detail [of] each separate occasion on which [the plaintiffs] say [defendants Fisher, Scott, and Wright] beat, kicked, or otherwise came into physical contact with Patrick Lee, and "identify" every person who has knowledge of the information requested.

In response, the plaintiffs referred to their response to Interrogatories Nos. 1(a), 2(a), and 3(a).

In Interrogatories Nos. 1(d), 2(d), and 3(d), the defendant requests a description:

. . . in detail [of] each act or omission by [defendants Fisher, Scott, and Wright] that [the plaintiffs] say resulted in an electrical shock to Patrick Lee, and "identify" every

person who has knowledge of the information requested.

The plaintiffs responded that "[b]ased on information and discovery to date, it does not appear" that any of these three defendants "possessed a Taser." However, the plaintiffs also responded that their failure to get Mr. Lee into handcuffs and into custody in a timely manner led to additional electrical shocks by defendants Mays and Scruggs.

The defendant purports to be confused about whether these defendants applied electrical current to Mr. Lee. They also seek information about how many additional applications of electrical current Mr. Lee received from defendants Mays and Scruggs because of the failure of defendants Fisher, Scott, and Wright to act in a timely manner.

3

In Interrogatories Nos. 1(e), 2(e), and 3(e), the defendant requests a description:

> . . . in detail [of] each act or omission by [defendants Fisher, Scott and Wright] that [the plaintiffs] say amounted to negligence that proximately caused a loss or injury to the plaintiffs or their decedent. As to each such act or omission, please describe the specific legal duty you say was breached by this defendant, resulting in loss or injury to the plaintiffs or their decedent. As part of your answer, please "identify" every person who has knowledge of the information requested in this subparagraph.

In their response, the plaintiffs simply referred to their responses to Interrogatories 1(a) and (d), 2(a) and (d), and 3(a) and (d).

The defendant points out that Interrogatories Nos. 1(a), 2(a), and 3(a) sought information relating to the plaintiffs' claims that the defendants violated Mr. Lee's constitutional rights and that Interrogatories 1(e), 2(e), and 3(e) seek information relating to the plaintiffs' claim that the defendants were negligent.

In Interrogatories Nos. 1(f), 2(f), and 3(f), the defendant requests a description:

> . . . with specificity how each of the acts or omissions by [defendants Fisher, Scott, and Wright], as set forth in [the plaintiffs'] responses to subparagraphs a-e, proximately caused the death of Patrick Lee, and "identify" every person who has knowledge of the information requested.

The plaintiffs responded that the cause of Mr. Lee's death will require expert testimony.

The defendant argues that the plaintiffs do not need expert testimony to respond, and that he is entitled to know the factual basis that the defendants' acts or omissions caused Mr. Lee's death, along with the plaintiffs' theory about what happened. Specifically, the defendant wants to know whether it is the plaintiffs' contention that Mr. Lee died because he was pepper sprayed, restrained in an inappropriate manner, or not handcuffed in a timely manner.

In their response in opposition (Docket Entry No. 137) to the motion to compel, the plaintiffs contend that the motion is "flawed" because (1) the information the defendant seeks in the motion goes "far beyond" the scope of the interrogatories themselves and many of the answers to the defendants' questions can be found in the initial disclosures and other documents; (2) the plaintiffs' responses comply with the July 3, 2007, order; (3) the defendant "never properly explained to Plaintiffs exactly what their objections are;" (4) since Mr. Lee is dead, he cannot provide his account

4

and the plaintiffs must obtain the "vast majority of the factual information" from the defendants; (5) the defendants have failed to provide the necessary factual information before the plaintiffs supplemented their discovery responses and some of the information has still not been provided; (6) reciting all of the facts upon which the plaintiffs' allegations are based would require the plaintiffs to summarize the defendants' inconsistent testimony and make judgments about the credibility of that testimony, amounting to an invasion of plaintiffs' counsel's work product; and (7) much of the information requires expert opinion testimony.

Lack of Clarity About Defendants' Objections/Beyond the Scope

The parties did not file a joint written statement of the discovery disputes, as required by Local Rule 37.01(a). The plaintiffs contend that the defendant did not explain what the objections were, making it impossible for the parties to prepare a such a joint statement. That explanation is not persuasive to the Court. In fact, this situation is exactly the situation in which a joint written statement, if detailed and specific, could have been helpful to both the Court and the parties. Counsel should have met face-to-face in an effort to resolve these issues, some of which revolve around insertion of unnecessary phrases and other semantic issues and some of which are more substantive. Whether or not what the defendant seeks was encompassed within the interrogatories themselves, some agreement might have been reached. The Court is perplexed by the plaintiffs' suggestion that the defendant was not clear in his objections. The defendant was very clear.[1]

Whether what the defendant sought was properly within the scope of the interrogatories or otherwise proper is an entirely different issue. The Court has considered what information was actually sought by the interrogatories at issue and has limited its rulings below to the scope of the interrogatories themselves, which, in part, is more narrow than the information the defendant wants from the plaintiffs.

---

[1] The defendant explained that the specific questions listed in his motion were included in the "vain hope" that the plaintiffs would "realize the scope of the information sought in the original interrogatories." Docket Entry No. 138, at 3.

5

The plaintiffs also complain that the information requested by the defendant can be found in initial disclosures and other documents. Although the defendant should not be permitted to propound the same interrogatory over and over, the defendant is entitled to seek information from the plaintiff even if the information is contained in documents available to all parties and even if the information is also in the possession of the defendants.

Compliance with July 26, 2007, Order

The plaintiffs argue that they complied with the order entered July 26, 2007 (Docket Entry No. 94), in which some of these issues were addressed. That order, and the July 5, 2007, discussion during the telephone conference call with counsel and the Court, addressed identification of witnesses, what is properly covered under the work product doctrine, and the timing for supplementation and responses to the defendants' written discovery. However, when the defendant was not satisfied with the plaintiffs' responses, the Court granted the defendant's motion to file another motion to compel further responses. See Docket Entry Nos. 105 and 106.

Lack of Information Available to the Plaintiffs

The plaintiffs point out that, because Mr. Lee is dead, he cannot provide his account of what happened and that the plaintiffs must rely upon information provided by the defendants, which the defendants have been slow to provide. In addition, the plaintiffs did not have expert reports at the time of their responses to the interrogatories and could not address issues related to causation.

That time has now passed. The plaintiff should now have sufficient information--both factual and expert--to supplement their responses to these interrogatories.

Work Product Protection

The plaintiffs are correct that they should not be required to provide counsel's legal strategy, thought processes, or mental impressions. Specifically, the plaintiffs are not, as they point out, required to "repeat or write out all that witnesses have told him and to deliver the account to his adversary." Hickman v. Taylor, 329 U.S. 495, 512-13, 67 S.Ct. 385, 394, 91 L.Ed. 451 (1947). The plaintiffs contend that the defendant wants the plaintiffs to summarize all of the factual information

in their possession and assess the credibility of witnesses. The plaintiffs point out that it is the defendants who are in possession of the factual information--not the plaintiffs.

The defendant does not, however, seek the plaintiffs' mental impressions or information protected by the work product doctrine. Although the Court acknowledges that, in part, the defendant's interrogatories may be as much contention interrogatories as interrogatories seeking factual information, the plaintiffs are not required to summarize information, assess credibility, or provide the defendant with discrepancies in the defendants' testimony. At bottom, the defendant seeks to clarify the plaintiffs' contentions as to specific defendants and for the plaintiffs to provide the facts that support those contentions. Such interrogatories are appropriate. There may well be interrogatories that the plaintiffs simply cannot answer. If that is the case, the plaintiffs should respond that they do not know. If they gain further information that would allow them to respond, they are obligated to supplement their responses in accord with Rule 26(e) of the Federal Rules of Civil Procedure.

It appears that the plaintiffs may be suggesting that a jury should hear all of the contradictory testimony at trial and that a jury should determine what happened, how it happened and when it happened.

Presumably, however, the plaintiffs have or will have at trial, a theory about what defendants did what. The defendant is entitled to that information. If they intend at trial to take the position that they do not know who did what, the defendant is entitled to that information.

<u>Silly Objections</u>

The plaintiffs describe as "silly" the defendant's insistence upon the plaintiffs' providing the addresses and telephone numbers of the five witnesses listed by the plaintiffs since defendant Metro and the plaintiffs provided those names in their initial disclosures and the plaintiffs provided the available addresses and telephone numbers.

The Court agrees that this dispute is "silly" and one that the parties should have been able to resolve. However, the Court also assumes that the defendant seeks the most current addresses and

7

telephone numbers. It clearly would have been easier for the plaintiffs to have provided that information--even if it is exactly the same as previously provided--than to have left this dispute unresolved.

The plaintiffs shall supplement their responses to the interrogatories served by defendant Fisher as follows:

    1.    Interrogatories Nos. 1(a), 2(a), and 3(a)

Although the defendant argues that the plaintiffs should provide all facts underlying the defendant's claims, the interrogatory itself sought a description of the "acts or omissions" that amounted to violations of Mr. Lee's constitutional rights. The plaintiffs have listed those acts and omissions. However, the use of the phrases "in a timely manner" and "in an inappropriate manner" certainly lack clarity. Therefore, the plaintiffs shall supplement their responses to Interrogatories Nos. 1(a), 2(a), and 3(a) by stating (1) why the plaintiffs contend that the defendants' actions in getting Mr. Lee into custody and handcuffing him were untimely, which may necessarily include an explanation of when the defendants should have gotten him into custody and restrained him in a timely manner; (2) how and when each of the three defendants inappropriately restrained Mr. Lee; (3) what continued excessive force was used against Mr. Lee and by whom; and (4) how and when each of the three defendants failed to intervene to protect Mr. Lee's rights, including what conduct by what police officers each defendant failed to intervene to prevent.

The plaintiffs shall also provide the current addresses and telephone numbers of the witnesses who have knowledge of the information provided in the responses, and specifically identify those witnesses "already deposed and identified," with their last known addresses and telephone numbers, who have such knowledge.

    2.    Interrogatories 1(b), 2(b), and 3(b)

The supplementation of the responses to these interrogatories should be included in the supplementation of the plaintiffs' responses to Interrogatory Nos. 1(a), 2(a), and 3(a).

    3.    Interrogatories 1(c), 2(c), and 3(c)

8

The plaintiffs shall supplement their responses to these interrogatories by stating whether or not each defendant (1) beat; (2) kicked; or (3) otherwise came into physical contact with Mr. Lee. If the only "physical contact" between defendant Fisher and Mr. Lee was spraying Mr. Lee with chemical spray and his participation in restraining Mr. Lee, the plaintiffs shall so state.
If the only "physical contact" between defendant Scott and Mr. Lee was his participation in restraining Mr. Lee, the plaintiffs shall so state. If the only "physical contact" between defendant Wright and Mr. Lee was spraying Mr. Lee with chemical spray, hitting him with a baton, and his participation in restraining Mr. Lee, the plaintiffs shall so state.

    4.      Interrogatories Nos. 1(d), 2(d), and 3(d)

The plaintiffs shall supplement their responses to these interrogatories by stating (1) whether any of these defendants possessed or used a Taser, deleting phrases such as "based on information and discovery to date;" and (2) the number of applications of electrical current applied by defendant Mays and defendant Scruggs that resulted from the failure of defendants Fisher, Scott, and Wright to get Mr. Lee in handcuffs and into custody in a timely manner.

    5.      Interrogatories Nos. 1(e), 2(e), and 3(e)

The plaintiffs shall supplement their responses to these interrogatories by specifying what the defendants did or did not do that was negligent and proximately caused harm and death to Mr. Lee, and what duty the defendants breached. If the plaintiffs contend that the same conduct described in their responses to Interrogatories 1(a), 2(a), and 3(a) constitutes the conduct upon which the plaintiffs contend the defendants were negligent, they shall so state.

    6.      Interrogatories Nos. 1(f), 2(f), and 3(f)

Although it is not entirely clear how these interrogatories vary from Interrogatories 1(e), 2(e), and 3(e), the plaintiffs shall supplement their responses to these interrogatories by providing a factual explanation for their contention that the acts or omissions of defendants Fisher, Scott, and Wright proximately caused Mr. Lee's death.

9

Again, if the plaintiffs do not have information responsive to specific interrogatories to allow supplementation as provided herein, they shall so state, without the use of phrases such as "at this time."

The plaintiffs shall have until March 24, 2008, to serve supplementation of their responses to the interrogatories propounded by defendant Fisher.

Any party desiring to appeal this order of the Magistrate Judge may do so by filing a motion for review no later than ten (10) days from the date of service of this order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 9(a)(1) of the Local Rules for Magistrate Judge Proceedings.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

10

Case 3:06-cv-00108   Document 178   Filed 03/11/08   Page 10 of 10 PageID #: 1274