IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BUD LEE and CINDY LUNDMAN, as next friend and as natural parents of Patrick Lee, deceased<br><br>v.<br><br>METROPOLITAN GOVERNMENT OF NASHVILLE/DAVIDSON COUNTY, TENNESSEE; RONAL SERPAS, individually and in his official capacity POLICE OFFICER JONATHAN MAYS; POLICE OFFICER JAMIE SCRUGGS; POLICE OFFICER CHRISTOPHER BROOKS; POLICE OFFICER JASON CREGAN; POLICE OFFICER PAUL SMITH; SERGEANT JUSTIN PINKELTON; POLICE OFFICER SHARRAFF MALLERY; POLICE OFFICER JOHN WRIGHT; POLICE OFFICER RYAN SCOTT; POLICE OFFICER WAYNE FISHER, individually and in their official capacities; and TASER INTERNATIONAL, INC. | No. 3-06-0108 |

O R D E R

Pending before the Court is the motion of defendant Scruggs to compel responses to interrogatories (Docket Entry No. 141). The motion is GRANTED in substantial part as provided herein.

Defendant Scruggs served the plaintiffs with 26 interrogatories, to which the plaintiffs have responded. Defendant Scruggs has listed each interrogatory with the plaintiffs' response and, with two exceptions, his argument that the plaintiffs should be compelled to further respond.

In their response (Docket Entry No. 147), the plaintiffs contest the defendant's rendition of the chronology leading up to the filing of the motion to compel, as set forth in the defendant's memorandum (Docket Entry No. 142), and assert that the plaintiffs have attempted to work with the defendant to resolve the discovery disputes. In addition, the plaintiffs contend that the defendant has improperly interpreted the applicable law, that most of the answers to his questions "can be

found in the materials relied upon and quoted in his memorandum," that every witness has been revealed and has been deposed or has given detailed statements, that the defendant had the opportunity to depose any witness, and that many of the issues raised by defendant Scruggs were addressed during the discovery conference on July 5, 2007.

The order entered July 26, 2007 (Docket Entry No. 94), and the July 5, 2007, discussion during the telephone conference call with counsel and the Court, addressed identification of witnesses, what is properly covered under the work product doctrine, and the timing for supplementation and responses to the defendants' written discovery. However, when the defendant was not satisfied with the plaintiffs' responses, the Court granted the defendant's motion to file another motion to compel further responses. See Docket Entry Nos. 109-110.

In Interrogatory No. 1, defendant Scruggs seeks the name, address, and telephone number of each person with information to support the plaintiffs' allegations that the defendant violated Mr. Lee's state and federal rights, as alleged in paragraph 10 of the plaintiffs' amended complaint (Docket Entry No. 53). The defendant concedes that the list of witnesses provided by the plaintiffs in response to Interrogatory No. 1 was "admittedly comprehensive," asserting that the problem comes in the relationship between the responses to Interrogatory No. 1 and Interrogatory No. 2.

Since the defendant is really complaining about the plaintiffs' response to Interrogatory No. 2, the Court will not address the plaintiffs' response to Interrogatory No. 1.

In Interrogatory No. 2, the defendant seeks every fact or matter about which each person listed in the plaintiffs' response to Interrogatory No. 1 purports to have knowledge and/or about which they may be expected to testify at trial.

The plaintiffs objected on the basis of work product protection and/or attorney-client privilege, but, without waiving those objections, responded that the plaintiffs cannot fully respond since discovery is still ongoing, and referred the defendant to the witness statements provided by the Metropolitan Government. See Docket Entry Nos. 147-4 through 147-8. In addition, the plaintiffs responded that "[i]t is expected" that Taser International will testify about "the information they

obtained from the Tasers involved in this case," including the number of times that defendant Scruggs discharged his Taser, and referred the defendant to the Taser Download Report.

In their supplemental response, the plaintiffs responded that "[i]n addition to those witnesses that have already been deposed," the plaintiffs expect Andrew Dofner and Paul Martus to testify that they witnessed the altercation and that they will testify that the defendants used more force than was necessary to take Mr. Lee into custody and/or control, and referred the defendant to the witness statements for Mr. Dofner and Mr. Martus provided by the Metropolitan Government. See Docket Entry Nos. 147-4 and 147-5.

It appears that the plaintiffs initially served responses to the defendant's interrogatories by mistake, and a few days later served revised responses. It is not as clear whether the "supplemental responses" cited by the defendant are the plaintiffs' "revised responses," or whether the "revised" or "supplemental" responses were intended to entirely supplant the initial responses.

The plaintiffs' response to Interrogatory No. 2 is a prime example of that confusion. In their initial response, the plaintiffs asserted work product protection and/or attorney-client privilege, but did not make those assertions in the revised or supplemental response. However, from the plaintiffs' response (Docket Entry No. 147) to the motion to compel, it is clear that the plaintiffs are asserting work product protection, which, as the plaintiffs point out, the defendant did not address.

The plaintiffs are correct that they should not be required to provide counsel's legal strategy, thought processes, or mental impressions. Specifically, the plaintiffs are not, as they point out, required to "repeat or write out all that witnesses have told him and to deliver the account to his adversary." Hickman v. Taylor, 329 U.S. 495, 512-13, 67 S.Ct. 385, 394, 91 L.Ed. 451 (1947). As the Court noted in its order entered July 26, 2007 (Docket Entry No. 94), and the plaintiffs cited, the work product doctrine does not shield from disclosure the facts supporting the plaintiffs' claims and the defendants are entitled to discovery about what witnesses have information about the actions or inactions of particular defendants. The plaintiffs contend that the defendant seeks not the facts but

3

rather how the plaintiffs intend to use those facts or which facts the plaintiffs believe are most important.

The defendant does not, however, seek the plaintiffs' mental impressions or information protected by the work product doctrine. The defendant is entitled to know what facts support the plaintiffs' claims. The plaintiffs ought to be in a position at this point to relate the facts known to each of the listed witnesses.

The defendant focuses on the plaintiffs' supplemental response in which they state that "[i]t is expected that Mr. Dofner and Martus will testify that the police officers used more force than was necessary to take Patrick Lee into custody and/or control." The plaintiffs appear to agree with the defendant that such a statement is not a fact but an allegation, or, as the defendant characterizes it, a "conclusory statement." The problem is that the plaintiffs included it in their response to the interrogatory seeking facts.

However, the defendant simply wants to know what facts[1] known to which persons the plaintiffs contend support their allegation that the defendant violated Mr. Lee's state and federal rights. If those facts are contained in witness statements or deposition transcripts, the plaintiffs can specifically refer to those portions of such statements or depositions, without repeating their statements or testimony.

The plaintiffs shall supplement their response to Interrogatory No. 2 by setting forth facts known to each person listed in response to Interrogatory No. 1 that support their allegation that defendant Scruggs violated Mr. Lee's state and federal rights, either by specific reference to portions of witness statements or deposition testimony and/or, as appropriate, by including other such facts known to such persons that are not included in the statements or testimony. If there are persons who have knowledge of facts that support the plaintiffs' allegation that defendant Scruggs violated Mr.

---

[1] Although defendant Scruggs refers to "facts and matters," it is not clear to the Court what would constitute a "matter" that is not a "fact." Therefore, the Court has addressed "facts" in this order.

Lee's state and federal rights who have not been deposed or have not provided witness statements, the plaintiffs shall provide that information.

In Interrogatory No. 3, defendant Scruggs seeks the name, address, and telephone number of any person who has any information supporting the plaintiffs' allegation that defendant Scruggs "kicked, struck numerous times with batons and electrically shocked [Mr. Lee] with a Taser stun gun approximately nineteen times . . . and upon information and belief lasted from two to nine seconds," as alleged in paragraph 24 of the plaintiffs' amended complaint.

The plaintiffs respond that the amended complaint "obviously refers" to actions that were committed by all defendants and not to defendant Scruggs and that "[b]ased on discovery taken to date, it does not appear" that defendant Scruggs kicked or struck Mr. Lee with a baton, but "[i]t does appear" that defendant Scruggs shocked Mr. Lee approximately nine times with charges lasting 2-9 seconds.

The problem is that it is not clear to whom the plaintiffs refer in paragraph 24 of the plaintiffs' amended complaint.

The plaintiffs shall supplement their response to Interrogatory No. 3 by specifically identifying those persons listed in response to Interrogatory No. 1, who have knowledge about defendant Scruggs' having kicked, struck with batons and electrically shocked Mr. Lee. If the plaintiffs have no information and know of no persons with knowledge that defendant Scruggs kicked or struck Mr. Lee with a baton, they shall so state, without using such phrases as "[b]ased on discovery taken to date," "it does not appear," or "it appears,"[2] and shall specifically identify those persons who have knowledge about defendant Scruggs' having electrically shocked Mr. Lee. The plaintiffs shall provide the addresses and telephone numbers for any such persons unless their addresses and telephone numbers have already been provided in response to Interrogatory No. 1. In supplementation to their response to this interrogatory, the plaintiffs shall also specifically

---

[2] If the plaintiffs discover additional persons with facts in support of their allegations or additional facts known to persons already identified, they are obligated to supplement their responses in accord with Rule 26(e) of the Federal Rules of Civil Procedure.

5

identify those persons with such knowledge who are not listed in response to Interrogatory No. 1 or shall state that they do "not know of any individuals other than those identified in response to Interrogatory No. 1" who have responsive information.

In Interrogatory No. 4, defendant Scruggs seeks the facts or matters known to each person whose identity was sought in Interrogatory No. 3, or about which such persons are expected to testify.

The plaintiffs shall supplement their response to Interrogatory No. 4 by setting forth the facts known to each person listed in their supplemental response to Interrogatory No. 3 that support their allegation that defendant Scruggs electrically shocked and/or kicked or struck Mr. Lee with batons, either by specific reference to portions of witness statements or deposition testimony and/or, as appropriate, by including other such facts known to such persons that are not included in the statements or deposition testimony.

In Interrogatory No. 5, defendant Scruggs seeks the name, address, and telephone number of any person who has information that supports the plaintiffs' allegation that defendant Scruggs engaged in "a vicious beating, electrocution, use of chemical agents and other wrongful acts" against Mr. Lee and/or engaged in the use of unreasonable and excessive force, as alleged in paragraph 67 of the amended complaint.

Again, the plaintiffs accuse the defendant of mischaracterizing the allegation in the amended complaint. However, in the amended complaint, the plaintiffs allege that the "vicious beating, electrocution,[3] use of chemical agent and other wrongful acts conducted against . . . Patrick Lee, by the Defendants including, but not limited to, Defendant Officers, constituted unreasonable and excessive force by a police officer as well as abuse of process." Docket Entry No. 53, at 14, ¶ 67.

---

[3] The Court assumes that the reference to "electrocution" in paragraph 67 of the plaintiffs' amended complaint means shocking with a Taser, which is addressed in Interrogatories 3 and 4.

6

In their response, the plaintiffs unequivocally state that they know of "no information whatsoever" to suggest that defendant Scruggs engaged in vicious beating or used any chemical agents.

The plaintiffs shall supplement its response to Interrogatory No. 5 by clarifying whether the plaintiffs allege that defendant Scruggs committed "other wrongful acts" constituting unreasonable and excessive force other than shocking Mr. Lee with his Taser approximately nine times with charges lasting 2-9 seconds.

The plaintiffs shall further supplement their response to Interrogatory No. 5 by specifically identifying those persons listed in response to Interrogatory No. 1 who have knowledge of any beating, use of chemical agent and/or other wrongful acts constituting unreasonable and excessive force conducted by defendant Scruggs against Mr. Lee.  If the plaintiffs have no information and know of no persons with knowledge that defendant Scruggs engaged in any beating, use of chemical agents or other wrongful acts, or otherwise engaged in the use of unreasonable and excessive force, other than electrically shocking Mr. Lee, they shall so state, without using such phrases as "[b]ased on discovery taken to date," or "it appears."  In that event, they will not be required to serve further supplementation to Interrogatory No. 5, since the remainder of the response is subsumed in their supplementation to their response to Interrogatory No. 3.

If, on the other hand, the plaintiffs know of persons with such information, they shall supplement their response by identifying such persons and providing the addresses and telephone numbers for any such persons unless their addresses and telephone numbers have already been provided in response to Interrogatory No. 1.  In response to this interrogatory, the plaintiffs also specifically identify those persons with such knowledge who are not listed in response to Interrogatory No. 1 or shall state that they do "not know of any individuals other than those identified in response to Interrogatory No. 1" who have responsive information.

In Interrogatory No. 6, defendant Scruggs seeks the facts and matters known to the persons identified in response to Interrogatory No. 5, or about which those persons are expected to testify.

7

If the plaintiffs supplement their response to Interrogatory No. 5 to state that there are no persons who have knowledge of any beating, use of chemical agent and/or other wrongful acts constituting unreasonable and excessive force by defendant Scruggs, other than electrically shocking Mr. Lee, the plaintiffs shall not be required to supplement their response to Interrogatory No. 6.

In Interrogatory No. 7, defendants Scruggs seeks the name, address, and telephone number of each person who has information to support the plaintiffs' allegation that defendant Scruggs subjected Mr. Lee "to a great fear and terror and suffered great physical pain and impairment, mental and physical distress," as alleged in paragraph 68 of the plaintiffs' amended complaint.

In their supplemental response, the plaintiffs responded that "[i]n addition to the depositions already taken in this case, it is expected that" the five persons who provided witness statements may have responsive information.

Although defendant Scruggs does not specifically address the deficiencies in the plaintiffs' response, the plaintiffs shall identify those deponents whose depositions have been taken who have responsive information.

In Interrogatory No. 8, defendant Scruggs seeks the facts and matters known to the persons with knowledge that support the plaintiffs' allegations in paragraph 68 of the plaintiffs' amended complaint or about which those persons are expected to testify.

The plaintiffs shall supplement their response to Interrogatory No. 8 by setting forth the facts known to each of the five witnesses listed in response to Interrogatory 7 and any additional person identified in the plaintiffs' supplemental response to Interrogatory No. 7 that support the plaintiffs' allegation that defendant Scruggs subjected Mr. Lee to "a great fear and terror" and "great physical pain and impairment [and] mental and emotional distress," as alleged in paragraph 68 of the plaintiffs' amended complaint, either by specific reference to portions of witness statements or deposition testimony and/or, as appropriate, by including other such facts known to such persons that are not included in the statements or testimony. If there are persons who have knowledge of facts that support the plaintiffs' allegation that defendant Scruggs subjected Mr. Lee to such fear,

8

terror, pain, impairment, and/or distress, who have not been deposed or have not provided witness statements, the plaintiffs shall provide that information.

In Interrogatory No. 9, defendant Scruggs seeks the name, address, and telephone number of any person with information to support the plaintiffs' allegation that defendant Scruggs engaged in "beatings, illegal use of force, and (improper) use of weapons," as asserted in paragraph 69 of the amended complaint.

In response, the plaintiffs contend that defendant Scruggs misstated the allegation in paragraph 69 of the amended complaint since it was directed to the Metropolitan Government and was not meant to apply to defendant Scruggs. The plaintiffs further respond that the amended complaint does not make any allegation that defendant Scruggs ever engaged in "beatings, illegal use of force and (improper) use of weapons." Had the plaintiffs responded that the allegations in paragraph 69 did not relate to defendant Scruggs, he would have had nothing to complain about. However, the plaintiffs added to their response a gratuitous phrase "other than in the present case," thus appearing to assert that defendant Scruggs engaged in "beatings, illegal use of force and (improper) use of weapons" in this case. Those allegations have, however, been specifically addressed in the context of other interrogatories.

The Court agrees with the plaintiffs that paragraph 69 is clearly directed only to the Metropolitan Government and does not contain any allegations relating to defendant Scruggs.

The plaintiffs shall not be required to supplement their response to Interrogatory No. 9.

In Interrogatory No. 10, defendant Scruggs seeks the facts or matters known to any person identified in response to Interrogatory No. 9, or about which those persons are expected to testify.

Since the plaintiffs shall not be required to supplement their response to Interrogatory No. 9, they shall also not be required to supplement their response to Interrogatory No. 10.

In Interrogatory No. 11, defendant Scruggs seeks the name, address, and telephone number of any person having information to support the plaintiffs' allegation that defendant Scruggs engaged

9

in a "practice of improper beatings and abuses of civilian persons" and/or "violated department policy and state and federal law," as alleged in paragraphs 70 and 71 of the amended complaint.

In their response, the plaintiffs contend that defendant Scruggs misstated the allegations in the complaint, explaining that paragraphs 70 and 71 were directed to the Metropolitan Government, and not to defendant Scruggs. The plaintiffs further respond that the amended complaint does not contain any allegation that defendant Scruggs ever engaged in a "practice of improper beatings and abuses of civilian persons" and/or ever "violated department policy and state and federal law." Again, if the plaintiffs had clearly stated that there were no allegations addressed to defendant Scruggs in paragraphs 70 and 71, defendant Scruggs would not have been able to complain about the plaintiffs' response. However, the plaintiffs again added a final, gratuitous phrase to their response--"other than in the present case." The Court finds that the conduct of defendant Scruggs is specifically addressed in other interrogatories and the Court agrees with the plaintiffs that paragraphs 70 and 71 are not directed to defendant Scruggs.

Therefore, the plaintiffs shall not be required to supplement their responses to Interrogatory Nos. 11 and 12.

In Interrogatory No. 13, defendant Scruggs seeks the name, address, and telephone number of any person with information to support their allegation that defendant Scruggs "unjustifiably electrically shocked, sprayed with chemical agent, beat, brutalized and killed" Mr. Lee, as alleged in paragraph 76 of the amended complaint.

In response, the plaintiffs refer to their responses to Interrogatory Nos. 3 and 5, which refer to their response to Interrogatory No. 1.

The Court finds that the information sought by defendant Scruggs in Interrogatory No. 13 is duplicative of information sought in other interrogatories addressed herein.

Therefore, if there are any other persons who have knowledge of facts to support the plaintiffs' contention that defendant Scruggs unjustifiably electrically shocked, sprayed with chemical agent, beat, brutalized, and killed Mr. Lee, other than persons identified in supplementation

10

of their responses to Interrogatories 3 and 5, the plaintiffs shall identify those persons. If there are no other persons, other than those identified in the plaintiffs' supplementation to their responses to Interrogatories 3 and 5, the plaintiffs shall so state.

In Interrogatory No. 14, defendant Scruggs seeks the facts or matters known to each person identified in response to Interrogatory No. 13, that support the plaintiffs' allegation in paragraph 76, or about which those persons are expected to testify.

If any additional persons are identified in the plaintiffs' supplementation to their response to Interrogatory No. 13, they shall supplement their response to Interrogatory No. 14, by setting forth the facts known to each person listed in response to Interrogatory No. 1 and/or in their supplementation to their responses to Interrogatories Nos. 3 and 5 that support their allegation that defendant Scruggs unjustifiably electrically shocked, sprayed with chemical agent, beat, brutalized, and killed Mr. Lee, either by specific reference to portions of witness statements or deposition testimony and/or, as appropriate, by including other such facts known to such persons that are not included in the statements or testimony. If there are persons who have knowledge of facts that support that allegation who have not been deposed or have not provided witness statements, the plaintiffs shall provide that information.

In Interrogatory No. 15, defendant Scruggs seeks the name, address, and telephone number of any person who has information to support the plaintiffs' allegation that defendant Scruggs "did not employ appropriate procedures to physically safeguard Patrick Lee, especially with respect to their preparation for and initial contact with him, attempts to contain him, attempts to take him into custody, failure to use protective devices, failure to employ non-lethal control devices, use of excessive force, use of deadly force and to minimize the escalation of the inappropriate physical force used against him," as alleged in paragraph 81 of the amended complaint.

The plaintiffs respond that defendant Scruggs has misstated the allegations in the complaint, but, without waiving the objection, refers to the plaintiffs' response to Interrogatory No. 1.

11

Defendant Scruggs argues that he is entitled to know what appropriate procedures he should have utilized to safeguard Mr. Lee, what non-lethal control devices he should have utilized, how the force used was excessive, and what deadly force was inappropriately utilized.

The plaintiffs shall supplement their response to Interrogatory No. 15 by specifically identifying those persons listed in response to Interrogatory No. 1 who have knowledge about what appropriate procedures he should have used to physically safeguard Mr. Lee, what non-lethal control devices he should have utilized, how the force used by defendant Scruggs was excessive, and what deadly force was inappropriately utilized. The plaintiffs shall provide the addresses and telephone numbers for any such persons unless their addresses and telephone numbers have already been provided in response to Interrogatory No. 1. In supplementation of their response to this interrogatory, the plaintiffs shall also specifically identify those persons with such knowledge who are not listed in response to Interrogatory No. 1 or shall state that they do "not know of any individuals other than those identified in response to Interrogatory No. 1" who have responsive information.

In Interrogatory No. 16, defendant Scruggs seeks the facts or matters known to the persons identified in response to Interrogatory No. 15, or about which those persons are expected to testify.

The plaintiffs responded by objecting that the interrogatory is overly broad and unduly burdensome, since each deposition of the defendants and fact witnesses contains facts responsive to this interrogatory and that the plaintiffs know of no other facts, other than those in the possession of defendant Scruggs and addressed during deposition testimony or in the five witness statements.

The plaintiffs shall supplement their response to Interrogatory No. 16, by setting forth the facts known to the specific persons listed in the plaintiffs' supplementation to their response to Interrogatory No. 15 that support their allegation that defendant Scruggs did not employ appropriate procedures to safeguard Mr. Lee, as alleged in paragraph 81 of the plaintiffs' amended complaint, either by specific reference to portions of witness statements or deposition testimony and/or, as appropriate, by including other such facts known to such persons that are not included in the

12

statements or testimony. If there are persons who have knowledge of facts that support the plaintiffs' allegation that defendant Scruggs did not employ appropriate procedures to safeguard Mr. Lee who have not been deposed or have not provided witness statements, the plaintiffs shall provide that information. It is not sufficient to respond that defendant Scruggs is in possession of the facts.

In Interrogatory No. 17, defendant Scruggs seeks the name, address, and telephone number of each person who has information to support the plaintiffs' allegation that defendant Scruggs deprived Mr. Lee of his constitutional rights, including but not limited to rights to due process and equal protection and "other laws in violation of 42 U.S.C. § 1983," as alleged in paragraph 82 of the amended complaint.

In response to Interrogatory No. 17, the plaintiffs refer defendant Scruggs to their response to Interrogatory No. 1.

The plaintiffs shall supplement their response to Interrogatory No. 17 by specifically identifying and providing the addresses and phone numbers, if not already provided in response to Interrogatory No. 1, of those persons who have knowledge of facts in support of the plaintiffs' allegation that defendant Scruggs violated Mr. Lee's constitutional rights. The plaintiffs shall specifically identify those persons with such knowledge who are not listed in response to Interrogatory No. 1 or shall state that they do "not know of any individuals other than those identified in response to Interrogatory No. 1" who have responsive information.

In Interrogatory No. 18, defendant Scruggs seeks the facts or matters known to each person identified in response to Interrogatory No. 17, that supports the plaintiffs' allegation in paragraph 82 of the plaintiffs' amended complaint, or about which those persons are expected to testify.

The plaintiffs objected to this interrogatory as overly broad and unduly burdensome, and responded that the plaintiffs do not know of any facts other than those "already in the possession of this Defendant" and contained in the depositions and five witness statements.

The plaintiffs shall supplement their response to Interrogatory No. 18 by setting forth the facts known to the specific persons listed in their supplementation to their response to Interrogatory

13

No. 17 to support their allegation that defendant Scruggs deprived Mr. Lee of his constitutional rights under the Fourteenth Amendment "and other laws in violation of 42 U.S.C. § 1983," as alleged in paragraph 82 of the plaintiffs' amended complaint, either by specific reference to portions of witness statements or deposition testimony and/or, as appropriate, by including other such facts known to such persons that are not included in the statements or testimony. If there are persons who have knowledge of facts that support the plaintiffs' allegation that defendant Scruggs deprived Mr. Lee of his constitutional rights who have not been deposed or have not provided witness statements, the plaintiffs shall provide that information.[4]

In Interrogatory No. 19, defendant Scruggs seeks the name, address, and telephone number of each person who has information that supports the plaintiffs' allegation that defendant Scruggs "failed to follow established and widely recognized law enforcement policies and procedures with respect to the handling of persons in the same or similar circumstances" as Mr. Lee, as alleged in paragraph 83 of the plaintiffs' amended complaint.

The plaintiffs objected to this interrogatory since it misstated the allegations of the complaint but, without waiving the objection, the plaintiffs referred to their response to Interrogatory No. 1.

Paragraph 83 of the plaintiffs' amended complaint did, in fact, allege that all of the defendant police officers, which would include defendant Scruggs, failed to follow such procedures.

The plaintiffs shall supplement their response to Interrogatory No. 19 by setting forth the facts known to the specific persons listed in their supplementation to their response to Interrogatory No. 18 that support their allegation that defendant Scruggs failed to follow polices and procedures relating to handling of persons in the same or similar circumstances of Mr. Lee, as alleged in paragraph 83 of the plaintiffs' amended complaint, either by specific reference to portions of witness statements or deposition testimony and/or, as appropriate, by including other such facts known to

---

[4] The Court acknowledges that Interrogatory No. 18 really seeks a subset of the information requested in Interrogatory No. 2, since Interrogatory No. 2 seeks facts that support the plaintiffs' allegations that defendant Scruggs' violated Mr. Lee's state and federal rights and Interrogatory No. 18 seeks facts supporting the plaintiffs' allegations that defendant Scruggs violated specific constitutional rights of Mr. Lee.

14

such persons that are not included in the statements or testimony. If there are persons who have knowledge of facts that support the plaintiffs' allegation that defendant Scruggs failed to follow such polices and procedures who have not been deposed or have not provided witness statements, the plaintiffs shall specifically identify such persons.

In Interrogatory No. 20, defendant Scruggs seeks the facts or matters known to the persons identified in response to Interrogatory No. 19 that support the plaintiffs' allegations that defendant Scruggs failed to follow polices and procedures with respect to the handling of persons in the same or similar circumstances as Mr. Lee, as the plaintiffs alleged in paragraph 83 of their amended complaint, or about which those persons are expected to testify.

In response, the plaintiffs again respond that the interrogatory is overly broad and unduly burdensome, and refer to the depositions of the defendant police officers and fact witnesses for facts responsive to the interrogatory. The plaintiffs further respond that they know of no facts other than the facts already in the possession of the defendant and contained in either depositions or the five witness statements.

The plaintiffs shall supplement their response to Interrogatory No. 20 by setting forth the facts known to the specific persons listed in their supplementation to their response to Interrogatory No. 19 to support their allegation that defendant Scruggs failed to follow policies and procedures relating to the handling of persons in the same or similar circumstances as Mr. Lee, as alleged in paragraph 83 of the plaintiffs' amended complaint, either by specific reference to portions of witness statements or deposition testimony and/or, as appropriate, by including other such facts known to such persons that are not included in the statements or testimony. If there are persons who have knowledge of facts that support the plaintiffs' allegation that defendant Scruggs failed to follow such polices and procedures who have not been deposed or have not provided witness statements, the plaintiffs shall provide that information. It is not, however, responsive to state that there are facts in the possession of defendant Scruggs.

15

In Interrogatory No. 21, the plaintiffs seek the name, address, and telephone number of each person who has any information to support the plaintiffs' allegation that defendant Scruggs caused the death of Mr. Lee, as alleged in paragraph 85 of the plaintiffs' amended complaint.

In response, the plaintiffs contend that the defendant misstated the allegations of the complaint, and refers the defendant to the plaintiffs' response to Interrogatory No. 1.

In paragraph 85 of the plaintiffs' amended complaint, the plaintiffs alleged that the "Defendant Police Officers acted negligently in that they had a duty to act reasonably and responsibly and not to act in a manner which would cause the death of Patrick Lee." Although slightly convoluted, the plaintiffs' allegation in paragraph 85 clearly asserts that, as a result of the defendants' negligence, the defendant police officers, including defendant Scruggs, caused Mr. Lee's death.

The plaintiffs shall supplement their response to Interrogatory No. 21 by specifically identifying those persons listed in response to Interrogatory No. 1 who have knowledge of facts that support the plaintiffs' allegation that defendant Scruggs caused Mr. Lee's death. The plaintiffs shall provide the addresses and telephone numbers for any such persons unless their addresses and telephone numbers have already been provided in response to Interrogatory No. 1. In their supplementation of their response to this interrogatory, the plaintiffs also specifically identify those persons with such knowledge who are not listed in response to Interrogatory No. 1 or shall state that they do "not know of any individuals other than those identified in response to Interrogatory No. 1" who have responsive information.

In Interrogatory No. 22, defendant Scruggs seeks the facts or matters known to the persons identified in response to Interrogatory No. 21 that support the plaintiffs' allegation that defendant Scruggs caused the death of Mr. Lee, or about which those persons are expected to testify.

The plaintiffs responded by referring defendant Scruggs to their response to Interrogatory No. 2.

The plaintiffs shall supplement their response to Interrogatory No. 22 by setting forth the facts known to the specific persons listed in their supplementation to their response to Interrogatory No. 21 to support their allegation that defendant Scruggs caused Mr. Lee's death, as alleged in paragraph 85 of the plaintiffs' amended complaint, either by specific reference to portions of witness statements or deposition testimony and/or, as appropriate, by including other such facts known to such persons that are not included in the witness statements or deposition testimony. If there are persons who have knowledge of facts that support the plaintiffs' allegation that defendant Scruggs caused Mr. Lee's death who have not been deposed or have not provided witness statements, the plaintiffs shall provide that information.

In Interrogatory No. 23, defendant Scruggs seeks the name, address, and telephone number of each person having information that defendant Scruggs "failed to follow established and widely recognized law enforcement policies and procedures with respect to the handling of persons similarly situated as Patrick Lee," as alleged in paragraph 86 of the plaintiffs' amended complaint.

The plaintiffs responded that this interrogatory misstated the allegations of the complaint, but, without waiving the objection, referred the defendant to the plaintiffs' response to Interrogatory No. 1, and to documents produced by the Metro Police Department and Taser International relating to the use of force and the use of Tasers.

This interrogatory seeks exactly the same information that defendant Scruggs sought in Interrogatory No. 19. The plaintiffs made the same allegation in paragraphs 83 and 86 of the amended complaint, although paragraph 83 is part of Count VIII, captioned "42 U.SC. § 1983--Fourteenth Amendment and Other Laws," and paragraph 86 is included in Count IX, captioned "Negligence."

Interestingly enough, in response to Interrogatory No. 23, the plaintiffs refer to documents produced by the Metro Police Department and Taser International, although the plaintiffs did not refer to those documents in response to Interrogatory No. 19. If there are persons with information responsive to Interrogatory No. 19 related to the documents provided by Metro or by Taser

17

International, the plaintiffs shall identify those persons in their supplementation of their response to Interrogatory No. 19.

However, the plaintiffs shall not be required to supplement their response to Interrogatory No. 23.

In Interrogatory No. 24, defendant Scruggs seeks the facts or matters about which those persons identified in the response to Interrogatory No. 23 have knowledge or are expected to testify about at trial.

In response, the plaintiffs objected that the interrogatory was overly broad and unduly burdensome, and that every deposition of each defendant Police Officer and fact witness to date contains responsive facts, and that the plaintiffs do not know any other facts other than those already in the possession of defendant Scruggs and contained in the deposition transcripts or the five witness statements.

Again, this interrogatory seeks the same information sought by Interrogatory No. 20.

The plaintiffs shall not be required to supplement their response to Interrogatory No. 24. However, to the extent that any person identified in the plaintiffs' supplementation to their response to Interrogatory No. 19 has responsive information that is contained in documents produced by the Metropolitan Police Department and/or Taser International, the plaintiffs shall specifically identify those documents in their supplementation of their response to Interrogatory No. 20.

In Interrogatory No. 25, defendant Scruggs seeks the name, address, and telephone number of each person with information that supports the plaintiffs' allegation that defendant Scruggs engaged in a course of conduct on September 22, 2005, related to Mr. Lee that was "intentional, reckless, malicious and fraudulent," as alleged in paragraph 101 of the plaintiffs' amended complaint.

In response, the plaintiffs refer only to their response to Interrogatory No. 1.

The plaintiffs shall supplement their response to Interrogatory No. 25 by setting forth the facts known to each person listed in response to Interrogatory No. 1 that support their allegation that

defendant Scruggs' conduct was intentional, reckless, malicious and/or fraudulent, either by specific reference to portions of witness statements or deposition testimony and/or, as appropriate, by including other such facts known to such persons that are not included in the statements or deposition testimony. If there are persons who have knowledge of facts that support the plaintiffs' allegation that defendant Scruggs' conduct was intentional, reckless, malicious and/or fraudulent who have not been deposed or have not provided witness statements, the plaintiffs shall provide that information.

In Interrogatory No. 26, defendant Scruggs sought the facts or matters about which the persons identified in response to Interrogatory No. 25 have knowledge or are expected to testify about at trial.

Again, the plaintiffs object to this interrogatory as overly board and unduly burdensome, but respond that each deposition of each defendant Police Officer and fact witness contains responsive facts, and that the plaintiffs know of no facts other than those already in the possession of defendant Scruggs and contained in the deposition transcripts or the five witness statements.

The plaintiffs shall supplement their response to Interrogatory No. 26 by setting forth the facts known to each specific person identified in their supplementation to their response to Interrogatory No. 25 in support of their allegation that defendant Scruggs' conduct was intentional, reckless, malicious, and/or fraudulent. If such facts are contained in deposition transcripts or witness statements, the plaintiffs shall specifically identify what portions of the transcripts or statements contain such responsive facts. If there are responsive facts known to persons identified in the plaintiffs' supplementation of their response to Interrogatory No. 25 that are not included in such specifically identified portions of deposition transcripts or witness statements that support the plaintiffs' allegations in paragraph 101 of their amended complaint, the plaintiffs shall identify such facts known to each such identified person. It is not sufficient for the plaintiffs to respond that the facts are in the possession of defendant Scruggs.

By March 31, 2008, the plaintiffs shall supplement their responses to the interrogatories served by defendant Scruggs as provided herein.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge