IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BUD LEE and CINDY LUNDMAN, as )
next friend and as natural parents of )
Patrick Lee, deceased )
 )
v. ) No. 3-06-0108
 )
METROPOLITAN GOVERNMENT OF )
NASHVILLE/DAVIDSON COUNTY, )
TENNESSEE; RONAL SERPAS, )
individually and in his official capacity )
POLICE OFFICER JONATHAN )
MAYS; POLICE OFFICER JAMIE )
SCRUGGS; POLICE OFFICER )
CHRISTOPHER BROOKS; POLICE )
OFFICER JASON CREGAN; POLICE )
OFFICER PAUL SMITH; SERGEANT )
JUSTIN PINKELTON; POLICE )
OFFICER SHARRAFF MALLERY; )
POLICE OFFICER JOHN WRIGHT; )
POLICE OFFICER RYAN SCOTT; )
POLICE OFFICER WAYNE FISHER, )
individually and in their official )
capacities; and TASER )
INTERNATIONAL, INC. )

O R D E R

The plaintiffs' motion to set discovery conference (Docket Entry No. 171) is GRANTED, to the extent that a discovery conference/hearing is scheduled on **Thursday, March 27, 2008, at 1:00 p.m.,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, TN.

It appears that the discovery at issue in the plaintiffs' motion relates only to discovery sought from defendant Metro. Therefore, by March 24, 2008, the plaintiffs shall file a status report, including:

1. Whether the plaintiffs have disclosed any full or partial expert reports.

2. After consulting with their expert(s), the plaintiffs shall set forth what documents or information, if any, the plaintiffs' expert(s) believes he/she must have before rendering an expert opinion or supplementing any expert opinion.

3. What documents or other discovery the plaintiffs have requested, with specific reference to specific interrogatories or requests for production, that have not been produced.

4. Whether the deposition of Chief Anderson, which the Court assumes is a Rule 30(b)(6) deposition, has been rescheduled and, if not, whether the plaintiffs believe that it must be taken before the plaintiffs serve expert disclosures.

5. Any other matters that the plaintiffs would intend to raise in a motion to compel.

In its response (Docket Entry No. 172), to the plaintiffs' motion, defendant Metro represents that it has agreed to produce the 108Ts and field supervisor reports. However, the plaintiffs state in their reply that, despite the agreement of counsel for Metro to produce the documents, "[n]ow, inexplicably, counsel states in their response to Plaintiff's motion that they will not be produced until after the discovery conference." Docket Entry No. 175, at 5. The Court cannot find any such statement in Metro's response.

Regardless, if there are documents that Metro has agreed to produce, whether or not such documents were part of a formal document request and whether or not Metro had previously permitted inspection and review that the plaintiffs did not take advantage of, Metro shall produce all documents that it has agreed to produce without waiting for a hearing or further order.

By March 24, 2008, defendant Metro shall file a notice of what documents it has agreed to or intends to produce that have not yet been produced, if any, and when it intends to produce such documents.

Because the significant portion of this dispute appears to revolve around the plaintiffs and defendant Metro, counsel for the other defendants have the option of attending the March 27, 2008, hearing. However, any attorney of record who is not present on March 27, 2008, cannot later complain about any scheduling matter or specific dates scheduled for any event in this case.

2

Any lawyer in attendance shall bring his or her calendar (whether paper or electronic) and be prepared to schedule any necessary deposition[1] and other deadlines.

As a result of consultation with the Honorable Aleta A. Trauger, the undersigned will consider on March 27, 2008, any requests for extensions of deadlines, but the October 15, 2008, deadline for filing dispositive motions will, in no event, be extended.

The plaintiffs' motion to ascertain status (Docket Entry No. 176) is GRANTED to the extent provided herein.

It is so ORDERED.

                                                   JULIET GRIFFIN
                                                   United States Magistrate Judge

---

[1] Counsel for Metro shall also be prepared to advise the Court if Chief Anderson has any scheduling conflicts in the near future.

3