# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

BUD LEE and CINDY LUNDMAN, as next friend )
and as natural parents of PATRICK LEE, deceased, )
                                                                                      )
    Plaintiffs, )
                                                                                      )
v. ) Civil No. 3:06-0108
                                                                                      ) Judge Trauger
METROPOLITAN GOVERNMENT OF )
NASHVILLE AND DAVIDSON COUNTY, )
TENNESSEE, *et al.*, )
                                                                                      )
    Defendants. )

## **MEMORANDUM and ORDER**

       The plaintiffs have filed a Motion For Leave to File An Interlocutory Appeal (Docket No. 322), which is opposed by defendant Metropolitan Government (Docket No. 327), defendant Jamie Scruggs (Docket No. 333), and defendant Taser International, Inc. (Docket No. 341). The Order that is the subject of the plaintiffs' motion (Docket No. 299) denied the plaintiffs' Motion to Alter or Amend the Court's Order of February 21, 2008 (Docket No. 276), which declined to exercise supplemental jurisdiction over certain of the plaintiffs' claims that fall under the Tennessee Governmental Tort Liability Act (Docket No. 168 at 8-10). Although the plaintiffs' original Motion to Alter or Amend was grounded exclusively in a claim of extraordinary expense to the plaintiffs to litigate similar claims supported and opposed by expert testimony in both federal court and state court (Docket No. 276), the present Motion For Leave to File an Interlocutory Appeal is based on the fact that, because the plaintiffs did not take advantage of the 30-day grace period to re-file certain of their claims in state court (*see* 28 U. S. C. § 1367(d)), they have now lost these claims. The plaintiffs seek to persuade the court that certain documents

1

filed by defendant Metro in support of its dispositive motion indicate to the plaintiffs, for the first time, that defendant Metro is going to claim that certain officers were negligent and that, had the plaintiffs been aware of this position on the part of Metro at the time of the dismissal of the claims, the plaintiffs would have re-filed in state court within the 30-day grace period.

The plaintiffs' argument is so convoluted as to be almost incomprehensible. Moreover, it seems that the case for deliberate indifference is strengthened, rather than weakened, by the circumstance that officers, in fact, had received more training than the plaintiffs originally thought. It must also be noted that defendant Metro adamantly states that it has never taken the position, and is not taking the position now, that officers were negligent. (Docket No. 327 at 6-7, n. 1) Metro acknowledges that the issue tried in this court is whether or not officers were deliberately indifferent, the § 1983 standard.

Interlocutory appeals may be granted when there is substantial ground for differing opinions regarding a controlling issue of law and when an immediate appeal from the order would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).[1] Interlocutory appeals are an exception to the general policy against piecemeal appellate review embodied in the final judgment rule. *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.*, 29 F. Supp.2d 825 (S.D. Ohio 1998). Therefore, certification under section 1292(b)

---

[1]Section 1292(b) of Title 28 provides:
> When a district judge, in making a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

is to be "sparingly" applied. *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993); *Kraus v. Bd. of Road Commissions*, 364 F.2d 919, 922 (6th Cir. 1966). Avoiding a piecemeal appeal is preferable except in the extraordinary type of case contemplated by § 1292(b). *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444 (6th Cir., 1974); *Krause*, 364 F.2d at 922.

Section 1292(b) applies to interlocutory orders that are not otherwise appealable and requires the existence of three elements: (1) it must involve a controlling question of law; (2) there must be substantial ground for difference of opinion about it; and (3) immediate appeal must materially advance the ultimate termination of the litigation. *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir.2002); *Cardwell*, 504 F.2d at 446. While review is discretionary, "[i]nterlocutory appeal is favored where reversal would substantially alter the course of the district court proceedings or relieve the parties of significant burdens." *Gaylord Entm't Co. v. Gilmore Entm't Group*, 187 F. Supp.2d 926, 957 (M.D. Tenn. 2001). Moreover, interlocutory appeal is "most appropriate early in the proceedings," *id.*, and in "protracted and expensive litigation, where failure to resolve a question of law early in the case could lead to the placement of an enormous burden on the parties." *In re James River Coal Co.*, 2006 WL 3761965, at *3 (M.D. Tenn. 2006)(citations omitted).

Although the plaintiffs may raise an issue that involves a controlling question of law, there cannot be a substantial ground for difference of opinion about whether or not this court may decline to exercise supplemental jurisdiction over claims properly governed by the Tennessee Governmental Tort Liability Act. An immediate appeal will not materially advance the ultimate termination of this litigation, and additional interlocutory appeals will undoubtedly

3

be filed if this court denies the various pending motions for summary judgment based upon qualified immunity. Moreover, this case is hardly in the early stages; discovery is complete, and dispositive motions have been filed.

For the reasons expressed herein, the Plaintiffs' Motion For Leave to File Interlocutory Appeal (Docket No. 322) is **DENIED**.

It is so **ORDERED**.

ENTER this 1st day of December 2008.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　ALETA A. TRAUGER
　　　　　　　　　　　　　　　　　　　　　　　　　　　　U.S. District Judge

4